UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE,
ROOM 417
NEWARK, NJ 07102
973-297-4851

April 26, 2016

VIA ECF

## LETTER OPINION AND ORDER

Re:     **Felicia Lazala v. Carolyn W. Colvin, Acting Commissioner of Social Security
         Civil Action No. 14-6445**

Dear Litigants:

*Pro se* plaintiff[1] Felicia Lazala ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Commissioner"), which denied her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). For the reasons that follow, the Court finds that there was substantial evidence to support the Commissioner's determination and, as a result, affirms the Commissioner's determination.

On November 2, 2011, Plaintiff filed an application for DIB pursuant to Title II of the Act. Plaintiff alleged a disability beginning on November 17, 2005. Pursuant to Section 216(i) of the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 416(i)(1). Moreover, Plaintiff's insured status requirements resulted in her being insured through December 31, 2010 (the date of last insured), so that the relevant period for this matter was November 17, 2005 to December 31, 2010.

Plaintiff's claims were initially denied on February 1, 2012 and upon reconsideration on May 18, 2012. Plaintiff then filed a request for a hearing, which was held before Kimberly L. Schiro, Administrative Law Judge (the "ALJ") on July 9, 2013. In a decision dated August 5, 2013, the ALJ found that Plaintiff was not disabled. On August 18, 2014, the Appeals Council denied Plaintiff's request for review thereby rendering the ALJ's ruling the final decision of the Commissioner. This appeal followed.

---

[1] Plaintiff was represented by counsel in the proceedings before the Administrative Law Judge.

In reaching her decision, the ALJ set forth the five-step sequential evaluation process required by 20 C.F.R. §§ 404.1520(a) and 416.920(a).[2]  The ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period.  The ALJ further ruled that Plaintiff had two medically determinable impairments, diabetes and mild cervical spondylosis.[3]  The ALJ determined, however, that Plaintiff did not have a severe impairment or combination of impairments.  As a result, the evaluation process stopped at the second step and Plaintiff was found not disabled.

In rendering her decision, the ALJ noted that Plaintiff complained of diabetes, headaches, and pain in multiple areas (back, stomach, and leg).  The ALJ determined that Plaintiff was not completely credible regarding the intensity, persistence, and limiting effects of her medical impairments.  The ALJ continued that there was very little medical evidence indicating that Plaintiff sought treatment during the relevant period and, consequently, it was reasonable to conclude that the impairments did not result in significant functional limitations.  Plaintiff's medical records showed degenerative spondylosis in October 2010 later revealed to be mild degenerative spondylosis in the cervical area.  The latter test was dated several months after the close of the relevant period.  Similarly, Plaintiff testified as to severe leg pain but admitted that it started over a year after December 31, 2010.[4]

Plaintiff claims that the Commissioner erred in not considering relevant medical evidence in reaching the determination that Plaintiff is not disabled.  D.E. 12 at 4-5.  In opposition, the Commissioner asserts that the ALJ's decision was supported by substantial evidence.  D.E. 13 at 6-11.  The Commissioner explains that Plaintiff did not prove that she had a severe impairment and, in any event, Plaintiff did not meet the durational requirement of 12 continuous months.  *Id.* at 8-10.

In reviewing a final decision of the Commissioner, the Court exercises plenary review over legal issues.  *Matthews v. Apfel*, 239 F.3d 589, 591 (3d Cir. 2001).  An ALJ's findings, including credibility determinations, must be upheld if they are supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted).  Such evidence is less than a preponderance but more than a mere scintilla.  *Id.*  The Court reviews the record as a whole to determine whether an ALJ's finding is supported by substantial evidence.  *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

---

[2] The discussion concerning the ALJ's opinion is taken from the August 5, 2013 decision.  D.E. 9-2 at 16-21.  The transcript from the July 9, 2013 hearing can be found at D.E. 9-2 at 35-52.

[3] Spondylosis is defined as "ankylosis of the vertebra[.]" Stedman's Medical Dictionary, 1813 (28th ed. 2006).  Ankylosis is the "[s]tiffening or fixation of a joint as the result of a disease process[.]" *Id.* at 95.

[4] The ALJ also held the record open for several months following the hearing so that Plaintiff could submit additional medical evidence but the additional information did not pertain to the relevant period or did not add any additional, substantive information to the record.

As to Plaintiff's diabetes, the record reveals that while Plaintiff does suffer from the disease, her condition appears to stable.  The medical evidence concerning Plaintiff's diabetes primarily shows her making regular doctor's appointments to obtain a refill for her medication. *See, e.g.*, D.E. 9-8 at 408-09.  As to Plaintiff's leg pain, as the ALJ noted, Plaintiff acknowledged that it became very painful well after the relevant period ended. D.E. 9-2 at 47.  In fact, on several occasions the ALJ expressly informed the Plaintiff that the date of last insured was December 31, 2010 and that the ALJ was focused on potential impairments during the relevant period. D.E. 9-2 at 41, 44-45, 46, 47.

The Court also reviewed the x-ray results of Plaintiff's cervical spine on October 22, 2010, D.E. 9-7 at 293, which occurred approximately two months before Plaintiff's date of last insured. The ALJ noted this finding in her opinion, D.E. 9-2 at 20, but mistakenly indicated that there was no evidence of cervical spondylosis during the relevant period.  The Court is aware that while a plaintiff has the burden of proof, the plaintiff's burden is "not demanding" in establishing that a medical impairment is severe at the second step of the evaluation process. *Jakubowski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 104, 107 (3d Cir. 2007) (citing *McCrea v. Comm'r Soc. Sec.* 370 F. 3d 357, 360 (3d Cir. 2004); *Newell v. Comm'r Soc. Sec.*, 347 F.3d 541, 546-47 (3d Cir. 2003)). The Commissioner claims that the evidence does not support a finding that Plaintiff's impairments "resulted in work-related limitations for 12 continual months prior to December 31, 2010." D.E. 13 at 10.  However, the Court can consider evidence after the relevant period since it may be pertinent to the severity of a claimant's condition before the expiration of her insured status. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (3d Cir. 1984) ("[M]edical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status." (citations omitted)).  *See also Newell*, 347 F.3d at 547 ("Retrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment.")

Nevertheless, the Court finds that there was substantial evidence to support the ALJ's finding that Plaintiff's cervical spondylosis was not a substantial impairment.  As the ALJ noted (D.E. 9-2 at 20), when Plaintiff had a MRI of her cervical spine after the relevant period, as opposed to the x-ray in 2010, the test revealed the condition to be mild.  More importantly, and also recognized by the ALJ (D.E. 9-2 at 20), Plaintiff's subjective complaints during the relevant period did not reveal continuous complaints of neck pain.  Instead, Plaintiff's regular visits with her primary care physician indicated that she usually needed refills for her diabetes medication. To be sure, Plaintiff on occasion complained of neck pain and headaches (as well as other sporadic ailments), but these complaints were relatively few and far between. D.E. 9-8 at 392-416.  The current matter is not like that of the claimant's in *Newell*, in which the claimant testified that she did not seek medical assistance during the critical period because she did not have health insurance. *Newell*, 347 F.3d at 544, 547-48.  Here, Plaintiff regularly sought medical treatment during the relevant period but only rarely complained of neck pain.  Nor is this matter similar to *Fargnoli v. Masssanari*, 247 F.3d 34, 43-44 (3d Cir. 2001), in which the claimant regularly sought medical treatment and was "consistently found" by his physicians "to suffer from a severe and debilitating

3

chronic back condition[.]"   In comparison, Plaintiff regularly visited her doctor but no such medical finding of debilitating neck pain or headaches was ever made during the relevant period.

Finally, many other tests conducted after December 31, 2010, reflected no medical irregularities.  An August 26, 2011 MRI of the pelvis showed no abnormality.  D.E. 9-7 at 246. An October 8, 2011 overhead projection of Plaintiff's upper gastrointestinal series was normal. *Id.* at 289.  An August 26, 2011 x-ray of Plaintiff's shoulder reflected no fracture or dislocation and that the soft tissue was normal.  *Id.* at 291.  Similarly, a chest examination on December 30, 2011 was normal.  *Id.* at 362.  These after-the-fact tests are relevant to Plaintiff not being under a disability during the relevant period.

For the foregoing reasons, the Commissioner's final decision was supported by substantial evidence.

The Court **AFFIRMS** the Commissioner's final decision and the Clerk shall serve a copy of this opinion and order on Plaintiff by certified mail return receipt.

**SO ORDERED.**


**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

4